Mr. Justice ThacheR
delivered the opinion of the court.
Williams filed his bill in the district chancery court. He charged, that in 1839 he contracted with Sarah Jones for the purchase of a tract of land, which had been appraised for the purpose of procuring stock in the Mississippi Union Bank. He charged, that the terms of the contract were, that Jones was to transfer to him the stock procured upon the land, and the purchase-money to be paid in the bills of the Union Bank, and not until the bank had discounted money upon the stock certificate. Williams gave his promissory note for the purchase-money, payable at a particular time, and not specifying that it was payable in any particular funds. He exhibited a bond purporting to have been executed by Jones, at the time of the contract, which, in its conditions, sets out the terms of the contract as alleged by Williams. The answer of the defendant denies that the payment of the purchase-money was to have been made in the bills of the Union Bank, ánd charges that as to the bond an imposition was practised upon her from her ignorance in not being able to read or write, and that no such conditions were contained in the bond read to and executed by her at the time of the contract. Suit was instituted upon the promissory note, and judgment recovered at law.
The statement, on the part of Williams, of the character of the contract, shows that a perfect defence could have been *113 made at law in the action on the promissory note, both as to the failure of its consideration, and the payments claimed to have been made upon it. It was competent to have introduced the bond to explain the note, it having been executed at the time the note was made, and constituting a part of the evidence of the contract. The payments, if made and well pleaded, formed a further defence. A successful defence to the whole note would have worked a virtual rescission of the contract.
But as the proceedings stand in the chancery court, no other decree could have well been made. The only witness who speaks confidently in giving his testimony is Stephen Hart-grove. He was present during the making of the contract, and he confirms the answer of the defendant in all material parts.
Decree affirmed.